IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VINCENT PINKNEY PITTS**, | * | |
| *Plaintiff*, | * | |
| v. | * | **Civil Case No. 1:23-cv-00983-JMC** |
| **MARYLAND DEPARTMENT OF TRANSPORTATION,** | * | |
| | * | |
| *Defendant*. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Vincent Pitts, proceeding *pro se*, filed the present lawsuit on April 12, 2023, against the Maryland Department of Transportation ("Defendant"). (ECF No. 1). Plaintiff then filed an Amended Complaint on May 4, 2023, and a Supplement to his Amended Complaint on June 13, 2023. (ECF Nos. 5, 11). Plaintiff's Complaint contains three counts: (1) Violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e et seq. ("Title VII"); (2) Violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA"); and (3) Violation of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 ("ADA"). (ECF No. 1 at p. 3).[1] Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Service and Failure to Exhaust Administrative Remedies ("the Motion"). (ECF No. 26). The Court sent Plaintiff a notice pursuant to Federal Rule of Civil Procedure 12 indicating the time frame for Plaintiff to file his Opposition. (ECF No. 27). Plaintiff has failed to answer the Motion, and the Motion is

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

therefore unopposed. The Court finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, the Defendant's Motion is DENIED.

## I. BACKGROUND

The Maryland Aviation Administration ("MAA") owns and operates the Baltimore/Washington International Thurgood Marshall Airport ("BWI Marshall") at the behest of Defendant. (ECF No. 26-1 at p. 1). Plaintiff is a 60-year-old African American Male and former member of the United States Navy. (ECF No. 5 at p. 1; ECF No. 1-2 at p. 4). On August 4, 2022, Plaintiff submitted an online application to Defendant regarding a vacant position as an Airport Badging Agent at BWI Marshall. (ECF No. 1-2 at p. 3). Defendant informed Plaintiff on October 21, 2022, that Plaintiff was not selected for an interview and therefore not hired for the position. *Id.*

After Plaintiff learned that he was not selected for the Airport Badging Agent position, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 3, 2023, alleging that he was discriminated against on the basis of his race, sex, disability, and age in violation of Title VII, the ADEA, and the ADA through his denial of hire. *Id.* The EEOC then dismissed Plaintiff's charge and issued Plaintiff a Notice of Right to Sue on January 13, 2023, before Plaintiff filed the present lawsuit. (ECF No. 1-2 at p. 2).

## II. STANDARD OF REVIEW

"When a defendant moves to dismiss for improper service pursuant to Rule 12(b)(5), the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Wilson v. Uber Tech., Inc.*, No. CV DKC 19-2363, 2020 WL 2732086, at *1 (D. Md. May 26, 2020). Although the "plain requirements for the means of effecting service of process may not be ignored," this Court has routinely held that "Generally, when service of process gives the

defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *see also Archi v. Lawonne Elenora Ager Booker*, No. CV DKC 14-0330, 2015 WL 9268572, at *2 (D. Md. Dec. 21, 2015) (noting that "insufficient service of process does not always necessitate dismissal" and that "When actual notice is provided, failure to strictly comply with Rule 4 may not invalidate the service of process . . .") (internal quotation omitted).

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted).  To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted).  In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted).  The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

Where, as here, the non-moving party "fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted in the motion." *White v. Wal Mart Stores, Inc.*, No. ELH-13-00031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (quotation omitted). But "To be sure, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant, because the district court also has discretion to decline to 'grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *Id.* (citing *United States v. Sasscer*, No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000)).

### III. DISCUSSION

#### A. Service of Process

Defendant argues first that Plaintiff's Complaint should be dismissed for improper service. Specifically, Defendant asserts that "Plaintiff was required to serve his summons and complaint on the headquarters on [sic] the Maryland Office of the Attorney General," yet improperly served the Maryland Department of Transportation and Maryland Aviation Administration "at its BWI Marshall Airport location." (ECF No. 26-1 at pp. 5–6). The Court agrees and finds that Plaintiff improperly served Defendant in this action, especially considering that the undersigned specifically instructed Plaintiff that, pursuant to Maryland Rule 2-124(k), service of process was to be made on "(1) the resident agent designated by the officer or agency, or (2) the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Supreme Court." (ECF No. 12 at p. 2). However, Defendant makes it obvious in its Motion that it had ample notice of the pending action. In fact, Defendant concedes that it informed Plaintiff on June 23, 2023, exactly one week after Plaintiff's summons was returned unexecuted as to the Defendant, of the "proper service address for the Attorney General in an email and verbally over

4

the telephone to Mr. Pitts." (ECF No. 26-1 at p. 5 n.3; ECF No. 13). The Court accordingly concludes that Defendant had sufficient notice of the pending action despite Plaintiff's improper service and dismissal for improper service is unwarranted. *See, e.g.*, *Britt v. Seledee L. Grp., LLC*, No. CV RDB-19-3446, 2020 WL 1984904, at *3 (D. Md. Apr. 27, 2020) (declining to dismiss for improper service where defendant had "actual notice" of the complaint); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.").

### B. Failure to Exhaust Administrative Remedies

As for Defendant's Rule 12(b)(6) argument, Defendant argues that the EEOC failed to properly investigate Plaintiff's charge of discrimination, resulting in a failure to exhaust administrative remedies, because the EEOC issued Plaintiff's Notice of Right to Sue prematurely and without providing Defendant the opportunity to respond to or conciliate Plaintiff's charge of discrimination. (ECF No. 26-1 at pp. 7–8). The Equal Employment Opportunity Act of 1972

> provides the EEOC with four options once a civil charge has been filed by an aggrieved employee. First, the EEOC must investigate the charge and either [1] dismiss for a lack of reasonable cause or [2] attempt to resolve the charge through conciliation and other informal dispute resolution techniques. Second, should conciliation fail, the agency may [3] file a civil action on the complainant's behalf, or [4] permit the complainant to file suit on their own behalf once 180 days have elapsed since the charge was filed.

*White v. Univ. of Md. Med. Ctr.*, 642 F. Supp. 3d 504, 509 (D. Md. 2022). Defendant relies on *White* to assert that Plaintiff's case should be dismissed because it was "issued too soon and without investigation, and more importantly, without providing the defendant an opportunity to respond." (ECF No. 26-1 at pp. 7–8). Defendant's reliance on *White* is

unpersuasive for two reasons. First, the facts of *White* are easily distinguishable. *White* dealt with the EEOC issuing a Notice of Right to Sue pursuant to 29 C.F.R. § 1601.28, which, although the subject of great debate among the Fourth Circuit and even within this District,[2] permits the EEOC to issue a Notice of Right to Sue at the specific request of an aggrieved individual when the EEOC "has determined that it is probable that the EEOC will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certification to that effect." There is no evidence that such a request was made by Plaintiff in this case, and the EEOC's Notice of Right to Sue in the case *sub judice* is not based on the EEOC's utilization of 29 C.F.R. § 1601.28. *See* (ECF No. 1-2 at p. 2).

Second, *White* expressly acknowledged that a "complainant may bring a private claim *if the charge is dismissed by the EEOC*, or, after 180 days have passed since the filing of the charge if the EEOC has not filed an action on behalf of the employee." 642 F. Supp. 3d at 509. Defendant's Motion recognizes as much in a parenthetical it believes to accurately summarize the holding in *White* by acknowledging that "the EEOC may not grant a complainant leave to file a private lawsuit until it has analyzed the issues, given the defendant the opportunity to respond, and attempted reconciliation *or dismissed the action*, or until 180 days have passed since this process was initiated." (ECF No. 26-1 at p. 8) (cleaned up and emphasis added). *White* as well as other cases before this Court have consistently held that a plaintiff may file an employment discrimination lawsuit in accordance with 42 U.S.C. § 2000e-5(f)(1) when, among other things, their charges have been dismissed by the EEOC. In fact, even where this Court has found Notices

---

[2] *Compare, e.g.*, *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 609–10 (W.D. Va. 2019) (finding regulation invalid), *and Loney v. Carr-Lowrey Glass Co.*, 458 F. Supp. 1080, 1081 (D. Md. 1978) (same), *with Bryant v. Dan River Inc.*, 209 F. Supp. 2d 609, 610 (E.D. Va. 2002) (finding regulation valid), *and Thomas v. Bet Sound-Stage Rest./BrettCo, Inc.*, 61 F. Supp. 2d 448, 458–59 (D. Md. 1999) (same).

of a Right to Sue premature, the Court has directed that such plaintiffs may refile their action "when the remainder of the 180-day period referred to in 42 U.S.C. § 2000e-5(f)(1) has run *or when their charges have been dismissed by the EEOC.*" *Loney v. Carr-Lowrey Glass Co.*, 458 F. Supp. 1080, 1081 (D. Md. 1978); *see also Vanguard Just. Soc. Inc. v. Hughes*, 471 F. Supp. 670, 680–81 (D. Md. 1979) (finding that plaintiffs' Notice of Right to sue was premature because "There is nothing in the record . . . indicating that the EEOC *either* made a determination of reasonable cause *or dismissed the charges filed by plaintiffs*.") (emphasis added); *White*, 642 F. Supp. 3d at 512 ("Congress provided exactly four avenues for the EEOC to dispose of a charge: *dismissal*, conciliation, agency litigation, *or* a private action after 180 days.") (emphasis added).

Turning to the language of 42 U.S.C. 2000e-5(f)(1) itself, the statute expressly provides that "If a charge filed with the Commission pursuant to [this section] *is dismissed by the Commission* . . . the Commission . . . shall so notify the person aggrieved *and within ninety days after giving such notice a civil action may be brought against the respondent* named in the charge (A) by the person claiming to be aggrieved . . ." (emphasis added). So although the EEOC has a duty to properly investigate charges of discrimination, a plaintiff may proceed with a private lawsuit under Title VII within 90 days of the EEOC dismissing a plaintiff's charge, which the EEOC did here. *See* (ECF No. 1-2). Defendant's argument is neither supported by *White*, the single case that Defendant exclusively relies on in arguing that Plaintiff failed to exhaust administrative remedies, nor the express language of the Title VII provisions that the holding in *White* was based.

Defendant's argument that it was entitled to an opportunity to respond to Plaintiff's charge before the EEOC dismissed it and Plaintiff filed suit is likewise unpersuasive. 42 U.S.C. § 2000e-5(f)(1) states, "If within thirty days after a charge is filed with the Commission . . . the Commission

7

has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, *the Commission* may bring a civil action against any respondent . . . named in the charge." (emphasis added). The statute indicates that a respondent must be provided with an opportunity to respond or conciliate a charge of discrimination prior to the *EEOC* filing a civil suit against a respondent. This same requirement does not appear when the EEOC decides to dismiss an aggrieved individual's charge instead of pursuing a civil action on behalf of that aggrieved individual, as indicated in the same section of the statute: If a charge filed with the EEOC is dismissed by the Commission and the Commission declines to file a civil suit on behalf of the aggrieved individual, the Commission "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." *Id.*

This Court has previously acknowledged this subtle distinction. *See EEOC v. Firestone Tire & Rubber Co.*, 366 F. Supp. 273, 275 (D. Md. 1973) (noting that, historically, "it was settled law that the failure of the EEOC to attempt conciliation was not a jurisdictional bar to a suit *by a private individual* who complained that he was being discriminated against," but that with the 1972 Amendment allowing the EEOC to file suit directly on behalf of an aggrieved individual, "The language of the Act conveys a clear Congressional intent that a bona fide attempt at conciliation by the EEOC is a precondition to *its* filing suit") (emphasis added); *Vanguard Just. Soc. Inc.*, 471 F. Supp. at 682 ("Actual conciliation efforts by the Commission are not a prerequisite to a private suit."). Other courts have similarly acknowledged that the EEOC's mandate to "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion" is applicable specifically where the EEOC has found that reasonable cause exists to believe that the charge is true and therefore intends to commence a civil action on

behalf of an aggrieved individual.  *See, e.g.*, *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 607 (9th Cir. 1982); *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, 1263–64 (E.D. Cal. 2009); 42 U.S.C. § 2000e-5(b); *see generally Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015) (discussing the EEOC's obligation to engage in conciliation in the specific context of the EEOC, rather than the private individual, filing suit under Title VII).  While the Court does not seek to downplay the vital function that conciliation plays in adjudicating employment discrimination claims, the language of 42 U.S.C. § 2000e et seq and surrounding caselaw indicates that the EEOC's conciliation mandate is a precondition only to the Commission itself filing a civil suit rather than an aggrieved individual whose charges have already been dismissed by the EEOC.  Accordingly, Defendant's Motion is DENIED.[3]

## IV.   CONCLUSION

For the foregoing reasons, it is this <u>19th</u> day of <u>September 2023</u> hereby **ORDERED** that Defendant Maryland Department of Transportation's Motion to Dismiss (ECF No. 26) is **DENIED**.  A separate order follows.

Dated: September 19, 2023                                /s/
                                                                        J. Mark Coulson
                                                                        United States Magistrate Judge

---

[3] Although Defendant states in the preface to its Motion that "Even assuming the Complaint's factual allegations to be true, Plaintiff has not stated a plausible claim of discrimination under" Title VII, the ADEA, or the ADA, Defendant includes no argument of the sort in the substance of its Motion, arguing instead only that dismissal is appropriate for (1) improper service and (2) lack of exhausting administrative remedies.  (ECF No. 26).  Should Defendant believe that the amended complaint fails to state a claim, it should file a properly supported motion to that effect.