IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VINCENT PINKNEY PITTS**, | * | |
| *Plaintiff*, | * | |
| v. | * | **Civil Case No. 1:23-cv-00983-JMC** |
| **MARYLAND DEPARTMENT OF TRANSPORTATION,** | * | |
| | * | |
| *Defendant*. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vincent Pitts, proceeding *pro se*, filed the present lawsuit on April 12, 2023, against the Maryland Department of Transportation ("Defendant"). (ECF No. 1). Plaintiff then filed an Amended Complaint on May 4, 2023, and supplements to his Amended Complaint on June 13, 2023, and December 18, 2023. (ECF Nos. 5, 11, 40). Plaintiff's Complaint contains three counts: (1) Violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (2) Violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA"); and (3) Violation of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 ("ADA"). (ECF No. 1 at 3).[1] The Court previously denied Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 28). Presently pending before the Court is Defendant's Motion for Summary Judgment (the "Motion"). (ECF No. 38). The Court sent Plaintiff a Rule 12/56 notice indicating the time frame for Plaintiff to file his opposition, but Plaintiff has failed to answer the Motion and it is therefore

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

unopposed. (ECF No. 39). No hearing is necessary pursuant to Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion will be granted.

## I. BACKGROUND

The Maryland Aviation Administration ("MAA") owns and operates the Baltimore/Washington International Thurgood Marshall Airport ("BWI Marshall") at Defendant's behest. (ECF No. 26-1 at 1). Plaintiff is a 60-year-old African American male and former member of the United States Navy. (ECF No. 5 at 1; ECF No. 1-2 at 4). On August 4, 2022, Plaintiff submitted an online application to Defendant regarding a vacant position as an Airport Badging Agent at BWI Marshall. (ECF No. 1-2 at 3). Defendant informed Plaintiff on October 21, 2022, that Plaintiff was not selected for an interview and therefore not hired for the position. *Id.*

After Plaintiff learned that he was not selected for the Airport Badging Agent position, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 3, 2023, alleging that he was discriminated against on the basis of his race, sex, disability, and age in violation of Title VII, the ADEA, and the ADA through his denial of hire. *Id.* The EEOC then dismissed Plaintiff's charge and issued Plaintiff a Notice of Right to Sue on January 13, 2023, before Plaintiff filed the present lawsuit. (ECF No. 1-2 at 2).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can make such a showing by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Therefore, if there are factual issues "that properly can be resolved only by a finder of fact because [those issues] may reasonably be resolved in favor of either party[,]" then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

"When ruling on a motion for summary judgment, the [C]ourt must construe the facts alleged in the light most favorable to the party opposing the motion." *U.S. ex rel. James Commc'n, Inc. v. LACO Elec., Inc.*, No. DKC 14-0946, 2015 WL 1460131, at *2 (D. Md. Mar. 27, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008)).  A party bearing the burden of proof on a particular claim must factually support each element of his or her claim.  *Celotex*, 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.*

"Where, as here, the nonmoving party fails to respond, the [C]ourt may not automatically grant the requested relief." *LACO Elec. Inc.*, 2015 WL 1460131 at *2 (citing Fed. R. Civ. P. 56(e)(2)).  Rather, the Court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).  Moreover, Federal Rule of Civil Procedure 56(e) states:

> If a party fails to properly support an assertion of fact *or fails to properly address another party's assertion of fact* as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; *or* (4) issue any other appropriate order.

(emphasis added).  "In the specific context of summary judgment, 'The non-movant's failure to respond does not permit the Court to enter a "default" summary judgment, but the Court is allowed

3

to accept the evidence presented by the movant as undisputed.'" *nTech Sols., Inc. v. Meta Dimensions, Inc.*, No. 1:21-CV-00673-JMC, 2023 WL 5671619, at *4 (D. Md. Sept. 1, 2023) (quoting *Mclver v. United States*, 650 F. Supp. 2d 587, 590 (N.D. Tex. 2009)).

## III.  DISCUSSION

### A. The Uncontested Facts Presented in Defendant's Motion are Deemed Undisputed.

In addition to the above factual background, Defendant argues in its Motion that the following facts are undisputed:

> On July 25, 2022, Defendant advertised the position and accepted applications until August 9, 2022. (Exhibit 1, Affidavit of Shakera Harris, dated October 26, 2023) and (Exhibit 2, MAA Vacancy Announcement, dated July 25, 2022). On August 4, 2022, Mr. Pitts submitted his application for the position. Exhibit 1 and (Exhibit 3, Mr. Pitt's Application dated August 4, 2022). Defendant received 457 applications for the position. Exhibit 1. The applications did not include the applicants' race, gender, age, or disability status. *Id.* The month and day of birth of the applicant is on the application, but not the applicant's birth year. *Id.*
>
> The task of evaluating the applications was assigned to Shakera Harris (African American female), Acting Human Resources Employee Services Manager at MAA. Exhibit 1. At the time of her evaluation of the applications, Ms. Harris did not know the Plaintiff's race, gender, age, or disability status. *Id.*
>
> Ms. Harris' first step in processing applications in a job recruitment is to confirm that the applicants meet the minimum qualifications for the position. *Id.* The minimum qualifications for the position were divided into two (2) categories, Education and Experience. *Id.*; Exhibit 2. The "Education minimum qualification" was graduation from a standard high school or possession of a high school equivalency certificate. *Id.* The "Experience minimum qualification" for the position was one (1) year of customer service work in an airport environment or a large facility handling a high volume of customer requests. *Id.* Plaintiff did not meet the Experience requirement of the minimum qualifications. Therefore, his application was rejected for insufficient experience. Exhibit 1; (*See also*, Exhibit 4, Email to Mr. Pitts from MAA dated October 21, 2022).
>
> MAA, through Ms. Harris, rejected 284 applications that did not meet the minimum qualifications for the position. Exhibit 1. The 284 rejected applicants, including Plaintiff, were all notified by email that they did not meet the minimum qualifications for the position. *Id.*; Exhibit 4. The remaining 173 applicants were then processed the same way Ms. Harris always processes applications, without


knowledge of the applicants' race, gender, age, or disability status. Exhibit 1. The names of the applicants who met the minimum qualifications were entered into MDOT's "Neo Gov" program which created a list of eligible candidates in a random order. *Id*. If an applicant on the list of eligible candidates qualified for a disability preference or a veteran preference, Ms. Harris moved those applications to the top of the computer generated randomized list of eligible candidates. *Id.*

From November 2022 until July 2023, interviews of the qualified applicants were conducted. *Id*. Fifteen (15) applicants were selected for interviews and fourteen (14) were African American. *Id*. Of the 15 candidates, three (3) were African American men and one (1) was a Caucasian man. *Id*. The ages of the applicants were unknown. *Id*. The initial interview panel consisted of three (3) MAA employees: one (1) African American male over forty years old; one (1) Caucasian male over forty years old and one (1) African American female. The applicants' interview scores were tallied and ranked. *Id*. The African American male on the interview panel retired and was replaced by an African American female. *Id*. During the interviews is the first time that Ms. Harris may observe the race and gender of an applicant, but most of the time, she is unaware of the applicant's race and gender. *Id*. She only becomes aware of an applicant's age/birth year if that applicant is hired for the position. *Id*.

After completion of the interviews, the top ranked applicant was an African American male, age 64. *Id*. He is currently working in the position. *Id*. The number two ranked applicant was an African American female, age 58, who qualified for a disability preference. *Id*. She was offered and accepted the position as Airport Badging Agent I at MAA. *Id*. However, the number two ranked selected African American female who qualified for the disability preference did not successfully pass MAA's pre-employment screening process, therefore, she was not hired for the position. *Id*.

Defendant offered the position to the next ranked qualified candidate, an African American male, but he did not pass the pre-employment screening process, so he was not ultimately hired for the position. *Id*. The next ranked selectable candidate, a 63 year old African American female, was offered the position. *Id*. She accepted, passed the pre-employment screening process, and is currently working in the position. *Id*. Ms. Harris adhered to the normal recruitment and hiring standards and procedures when she completed the hiring process for this position. *Id*.

(ECF No. 38 at 2–5). Plaintiff failed to oppose these assertions—supported by various exhibits and attachments to the Motion—and the Court therefore deems the above facts undisputed for purposes of analyzing the Motion. Fed. R. Civ. P. 56(e).

**B.     Defendant is Entitled to Summary Judgment on Plaintiff's Title VII Claims.**

Plaintiff first alleges that Defendant discriminated against Plaintiff in violation of Title VII by not hiring Plaintiff based on his race and sex, and that Plaintiff was retaliated against. (ECF No. 1 at 3, 5; ECF No. 1-2 at 3; ECF No. 5). Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race . . . [or] sex." 42 U.S.C. § 2000e-2(a)(1); *see also Goods v. Mayor & City Council of Balt.*, No. CV SAG-19-2519, 2020 WL 6135146, at *4 (D. Md. Oct. 19, 2020). A plaintiff "may establish a prima facie case of discriminatory failure to hire or promote based on race and sex by showing that: (1) he is a member of a protected category; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination." *Langerman v. Thompson*, 155 F. Supp. 2d 490, 495 (D. Md. 2001); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Regarding retaliation under Title VII, a plaintiff must demonstrate that he (1) engaged in protected activity; (2) suffered an adverse employment action; and (3) that the adverse employment action was causally connected to his engagement in protected activity. *Okoli v. City of Balt.*, 648 F.3d 216, 223 (4th Cir. 2011). "In order to survive a motion for summary judgment, plaintiff must put forth some evidence supporting each element essential to his claims." *Hemphill v. ARAMARK Corp.*, No. 1:12-CV-01584-ELH, 2014 WL 1248296, at *19 (D. Md. Mar. 25, 2014), *aff'd*, 582 F. App'x 151 (4th Cir. 2014) (citing *Celotex*, 477 U.S. at 322–23).

Plaintiff's failure to hire claim based on alleged racial and/or sex discrimination cannot survive as a matter of law. Plaintiff has set forth sufficient evidence indicating that he is an African American male and thus a member of a protected category, but little else. The undisputed facts

establish that Plaintiff was not qualified for the position because he did not have the requisite one (1) year of experience of customer service work in an airport environment or a large facility handling a high volume of customer requests.  Plaintiff was therefore not qualified for the position in question and he cannot, as a matter of law, satisfy elements two or three.  Regarding the fourth element, the undisputed facts establish that Defendant ultimately hired two African American individuals for the position in question, one of which was a male, which further undercuts Plaintiff's claim that he was not hired based on any racial or sex discrimination.  In other words, not only was Plaintiff unqualified for the position based on the position's experiential requirements, but the individuals ultimately selected for the position were members of the same protected categories as Plaintiff.

Regarding Plaintiff's retaliation claim under Title VII, the only protected activity for which Plaintiff has established that he engaged in was his filing of the January 3, 2023, EEOC charge.  But Plaintiff's application was rejected on October 21, 2022, *before* Plaintiff engaged in the protected activity.  Accordingly, summary judgment is GRANTED in favor of the Defendant with regard to Plaintiff's Title VII claims, and Plaintiff cannot, as a matter of law, demonstrate that his failure to hire was the result of unlawful racial or sex discrimination or retaliation.

**C.   Defendant is Entitled to Summary Judgment on Plaintiff's ADEA Claim.**

Plaintiff next alleges that he was discriminated against in violation of the ADEA.  The ADEA prohibits an employer from failing to hire an employee on the basis of age.  29 U.S.C. § 623(a)(1). A plaintiff may successfully demonstrate a case of age discrimination under an ADEA failure to hire claim where they demonstrate that they (1) are over forty years of age; (2) applied for a position for which they were qualified; (3) were not hired for that position; and (4) after failing to hire the plaintiff, the defendant hired other individuals not part of the protected class.

*Haskett v. Cinco Energy Mgmt. Grp.*, 671 F. App'x 318, 318 (5th Cir. 2016); *see also Cepada v. Bd. of Educ. of Balt. Cnty.*, 814 F. Supp. 2d 500, 512 (D. Md. 2011) ("To establish a prima facie ADEA failure to promote claim, the plaintiff must show that: (1) he is at least 40; (2) he applied for an open position; (3) he was rejected even though qualified; and (4) the position remained open or was filled by a similarly-qualified applicant substantially younger than him.").

Similar to the flaw in Plaintiff's Title VII racial and sex discrimination claims, Plaintiff cannot demonstrate that he was qualified for the position in question despite his membership in the relevant protected category. But more fatal to Plaintiff's ADEA claim is the fact that the two individuals ultimately selected for the position were both *older* than Plaintiff when they were offered the position. Specifically, the African American male currently working in the position was hired at the age of 64 years old and the African American female currently working in the position was hired at the age of 63 years old. Plaintiff's claim under the ADEA therefore fails as a matter of law and summary judgment is GRANTED in favor of Defendant on this issue.

**D.   Defendant is Entitled to Summary Judgment on Plaintiff's ADA Claim.**

Plaintiff finally alleges that Defendant's failure to hire him constituted unlawful disability discrimination in violation of the ADA. "Title I [of the ADA] prohibits discrimination 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Aletum v. Grazzini*, No. CV DKC 20-1793, 2021 WL 147030, at *4 (D. Md. Jan. 15, 2021) (quoting 42 U.S.C. § 12222(8)). A failure to hire claim under the ADA requires that a plaintiff demonstrate that "he '(1) is disabled within the meaning of the ADA; (2) applied for the vacant position; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Id.*

(quoting *Reyazuddin v. Montgomery Cnty., Md.*, 7 F. Supp. 3d 526, 556, *aff'd in part, rev'd on other grounds*, 789 F.3d 407 (4th Cir. 2015)). Plaintiff's ADA claim cannot proceed, as a matter of law, for three primary reasons. First, for the reasons explained above, the undisputed facts establish that Plaintiff was not qualified for the position for which he applied. Second, the undisputed facts also establish that Defendant—through Ms. Harris—had no knowledge of Plaintiff's alleged disability when Ms. Harris rejected Plaintiff's application for failure to meet the minimum qualifications for the position. *See Huppenbauer v. May Dep't Stores Co.*, 99 F.3d 1130, at *6–7 (4th Cir. 1996) (affirming summary judgment in favor of defendant regarding ADA claim where plaintiff failed to show that defendant had knowledge of plaintiff's disability); *Felix v. N.Y. City Transit Auth.*, 154 F. Supp. 2d 640, 657 (S.D.N.Y. 2001), *aff'd*, 324 F.3d 102 (2d Cir. 2003) ("Obviously, an employer who acts or fails to act without knowledge of a disability cannot be said to have discriminated based on that disability."); *see also Martinez v. UHS of Del., Inc.*, 162 F. Supp. 3d 796, 805 (C.D. Ill. 2016) ("Therefore, the employer must have knowledge of the employee's disability in order for liability to attach under the ADA."); *Howard v. Steris Corp.*, 886 F. Supp. 2d 1279, 1292 (M.D. Ala. 2012), *aff'd*, 550 F. App'x 748 (11th Cir. 2013) ("Since liability under the ADA requires the employer to have discriminated *because of* the employee's disability, it follows that the employee must show the employer knew of his alleged disability at the time it took the adverse employment action.") (emphasis added). Third, the "number two ranked applicant" who was extended an offer for the position qualified for a disability preference, further highlighting that Plaintiff's disability discrimination claim is wholly unfounded. Accordingly, Plaintiff's ADA claim also fails as a matter of law and Defendant's Motion is GRANTED with regard to Plaintiff's ADA claim.

## IV.  CONCLUSION

For the foregoing reasons, it is this 20th day of December, 2023, hereby **ORDERED** that Defendant Maryland Department of Transportation's unopposed Motion for Summary Judgment (ECF No. 38) is **GRANTED**.  The Clerk of the Court is politely asked to close the case.


Dated: December 20, 2023                             /s/
                                             J. Mark Coulson
                                             United States Magistrate Judge